IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

STATE OF CALIFORNIA, et al.

    Plaintiff,

v.

UNITED STATES OF AMERICA, et al.

    Defendant.

No. C 05-00328 JSW

**NOTICE OF TENTATIVE RULING AND QUESTIONS**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING **TENTATIVE** RULING AND QUESTIONS FOR THE HEARING SCHEDULED ON JUNE 24, 2005:

The Court **tentatively** DENIES Defendants' motion to dismiss for lack of standing.  The Court has reviewed the parties' memoranda of points and authorities and, thus, does not wish to hear the parties reargue matters addressed in those pleadings.  If the parties intend to rely on authorities not cited in their briefs, they are ORDERED to notify the Court and opposing counsel of these authorities reasonably in advance of the hearing and to make copies available at the hearing.  If the parties submit such additional authorities, they are ORDERED to submit the citations to the authorities only, without argument or additional briefing.  *See* N.D. Civil Local Rule 7-3(d).  The parties will be given the opportunity at oral argument to explain their reliance on such authority.

The parties shall have fifteen minutes to address the following questions:

(1)     The Supreme Court has recognized that a state has standing to sue when it alleges an interest in preserving its sovereignty and its sovereign interests have been interfered with or diminished.  *See Bowen v. Public Agencies Opposed to Social Sec. Entrapment*, 477

U.S. 41, 51 n. 17 (1986) (affirming district court's finding that state had standing).  A state's sovereign interest includes the power to create and enforce a legal code.  *Alfred L. Snapp & Son, Inc. v. Puerto Rico, ex rel. Barez*, 458 U.S. 592, 601 (1982).  Plaintiffs allege that California Health and Safety Code §§ 1317 and 123420 create a statutory scheme that secure's a woman's right to a medically necessary abortion by requiring health care facilities that provide emergency services to perform medically necessary emergency abortions.  According to Plaintiffs, the Weldon Amendment conflicts with this statutory scheme in that California could no longer require health care facilities to perform medically necessary emergency abortions.  If true, California is currently prohibited by the Weldon Amendment from enforcing its own laws, a recognized sovereign interest.  *See Oregon v. Ashcroft*, 192 F.Supp.2d 1077, 1087 (D. Or. 2002) (finding Oregon had standing where it alleged an injury to its sovereign interest in the continued enforceability of its own statutes); *see also State of Alaska v. U.S. Department of Transportation*, 868 F.2d 441, 443 (D.C. Cir. 1989) (same).  Do Defendants contend that such an injury is not sufficient to allege standing?  If so, on what basis?

(2)     Do the parties have anything further to add?

**IT IS SO ORDERED.**

Dated: June 22, 2005                                            /s/ Jeffrey S. White
                                                                               JEFFREY S. WHITE
                                                                               UNITED STATES DISTRICT JUDGE

2