IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

STATE OF CALIFORNIA, et al.

    Plaintiff,

v.

UNITED STATES OF AMERICA, et al.

    Defendant.

No. C 05-00328 JSW

**ORDER DENYING DEFENDANTS' MOTION TO DISMISS**

Now before the Court is Defendants' motion to dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of standing. Having carefully reviewed the parties' papers, and the relevant legal authority, and good cause appearing, the Court DENIES Defendants' motion.

**FACTUAL BACKGROUND**

Plaintiffs, the State of California and the California Superintendent of Public Instruction, filed this action challenging the constitutionality of section 508(d) of the Departments of Labor, Health and Human Services, and Education, and Related Agencies Appropriations Act, 2005 (the "Weldon Amendment"), which was signed by the President and became law on December 8, 2004. (Complaint, ¶ 12.) The Weldon Amendment prohibits any federal funds from being made available to a state or local government "if such ... government subjects any institutional or individual health care entity to discrimination on the basis that the health care entity does not provide, pay for, provide coverage of, or refer for abortions." (*Id*., ¶ 12.)

Plaintiffs allege that California has a statutory scheme which requires health care facilities which provide emergency services to provide medically necessary emergency abortions. (*Id*., ¶¶ 24, 46.) Specifically, California Health and Safety Code § 1317(a) requires that: "Emergency services and care shall be provided to any person requesting the services or care, or for whom services or care is requested, for any condition in which the person is in danger of loss of life, or serious injury or illness, at any health facility licensed under this chapter that maintains and operates an emergency department to provide emergency services to the public when the health facility has appropriate facilities and qualified personnel to provide the services or care." (*Id*., ¶ 21, *quoting* Cal. Health & Safety Code § 1317(a).) California Health and Safety Code § 123420 exempts medical personnel and facilities from participating in performing abortions if they object to abortions on moral, ethical, or religious grounds, except in medical emergency situations and spontaneous abortions. (*Id*., ¶ 22, *quoting* Cal. Health & Safety Code § 123420.)

Plaintiffs allege that because the Weldon Amendment does not contain an explicit exception for situations in which an emergency abortion is needed to protect the health or life of a woman, there is a conflict between federal and state law, and that this conflict negatively impacts California's sovereign interests. (*Id*., ¶¶ 4, 19, 20.) Plaintiffs further allege that they risk losing more than 49 billion dollars in federal funds if they fail to comply with the Weldon Amendment, and that this potential loss impacts the current ability of California agencies to plan their budgets. (*Id*., ¶ 3.) Finally, Plaintiffs allege that Weldon Amendment "may result in preventing some women from obtaining medically necessary emergency abortions altogether; delay some women in obtaining medically necessary abortions, thus increasing the risks of the procedure; and force some women to have riskier procedures, or to endure risks that endanger their health or lives." (*Id*., ¶ 52.)

**ANALYSIS**

**A.     Legal Standards Applicable to Standing.**

"Article III of the Constitution requires that a plaintiff have standing before a case may be adjudicated." *Covington v. Idaho*, 358 F.3d 626, 637 (9th Cir. 2004). To satisfy the

2

Constitution's standing requirements, a plaintiff must show (1) an "injury in fact" that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury must be fairly traceable to the challenged action of the defendant; and (3) it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992); *see also Covington v. Jefferson County*, 358 F.3d 626, 637-38 (9th Cir. 2004). A plaintiff, as the party invoking federal jurisdiction, bears the burden of establishing these elements. *Lujan*, 504 U.S. at 561. "At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion dismiss, [courts] presume that general allegations embrace those specific facts that are necessary to support the claim." *Id*. (internal cite and quotations omitted).

### B. Plaintiffs Sufficiently Allege An Injury In Fact

The only element of standing at issue in this matter is whether Plaintiffs have sufficiently alleged an injury in fact to demonstrate standing and to show that this matter is ripe. Defendants argue that Plaintiffs will not suffer an injury until a woman needs but is refused a medically necessary emergency abortion, California then attempts to enforce its law requiring the provision of such services, *and* the federal government denies California federal funds as a result. Thus, according to Defendants, this action is merely a "pre-enforcement" action and any injury is too remote at this time for standing purposes. Plaintiffs counter that their unique position as a state with sovereign interests distinguishes this case from those relied on by Defendants in which private citizens or entities challenged laws.

The Supreme Court has recognized that a state has standing to sue when it alleges an interest in preserving its sovereignty and its sovereign interests have been interfered with or diminished. *See Bowen v. Public Agencies Opposed to Social Sec. Entrapment*, 477 U.S. 41, 51 n.17 (1986) (affirming district court's finding that state had standing). A state's sovereign interest includes the power to create and enforce a legal code. *Alfred L. Snapp & Son, Inc. v. Puerto Rico, ex rel. Barez*, 458 U.S. 592, 601 (1982). Courts have held that states have standing when they allege an injury to their sovereign interests in the continued enforceability of their

1  own statutes. *Alaska v. U.S. Department of Transportation*, 868 F.2d 441, 443 (D.C. Cir.
2  1989); s*ee also Oregon v. Ashcroft*, 192 F. Supp. 2d 1077, 1087 (D. Or. 2002), *aff'd on other*
3  *grounds*, 368 F.3d 1118 (9th Cir. 2004), *cert. granted*, 125 S. Ct. 1299 (2005).

4  In *Alaska*, the Department of Transportation ("DOT") issued orders regarding the regulation of unfair and deceptive advertising under the Federal Aviation Act and exempting international and domestically imposed surcharges. The National Association of Attorneys General adopted guidelines providing that separate advertising of air travel surcharges was deceptive under various states' consumer protection laws, and several states informed airlines that they intended to enforce these laws. In response, the DOT warned the states that the federal government preempted this aspect of state advertising regulation and that if the states attempted to enforce them, DOT would consider taking formal legal action. *Alaska*, 868 F.2d at 442-43. The state plaintiffs alleged that, based DOT's assertion of preemption, the states suffered an injury to their sovereign power to enforce state law. *Id*. at 443. The court rejected the DOT's attempt to construe the states' laws in order to argue that it was not clear they would be preempted. The court further found irrelevant the fact that DOT had not actually enforced the regulations at issue against advertisers for several years, stating: "The stringency with which DOT enforces its own regulations is a matter unrelated to the question of whether the DOT may prevent the States from enforcing their laws." *Id*. at 444 n.2 (emphasis in original omitted). Thus, the court found that the state's sovereign interest in law enforcement was sufficient to support standing. *Id*. at 443.

21  In *Oregon*, there was a conflict between the Oregon Death with Dignity Act and a directive issued by the then Attorney General, John Ashcroft (the "Ashcroft Directive"). The Oregon Death with Dignity Act provided a detailed procedure by which a mentally competent, terminally ill patient could make a written request for medication to end his or her life. Physicians and pharmacists were immune from civil and criminal liability, or from any adverse disciplinary action for prescribing medication under the Oregon Act. *Oregon*, 192 F.Supp.2d at 1081-82. The Ashcroft Directive declared that controlled substances could not be dispensed to assist suicide, that prescribing or administering federal controlled substances to assist suicide

4

1  violated the Controlled Substances Act, and that physicians who prescribed or administered
2  federally controlled substances were subject to suspension or revocation of their registration.
3  *Id*. at 1079. Thus, the Ashcroft Directive essentially nullified the Oregon Act. *Id*. The court
4  concluded that Oregon met the constitutional requirements for standing by alleging a sufficient
5  injury to its sovereign and legitimate interest in the continued enforceability of its own statutes.
6  *Id*. at 1087.

7  In neither *Alaska* nor *Oregon* did the courts require evidence or allegations of underlying
8  violations of the states' laws, and the states' subsequent inability to enforce its own laws, in
9  order to demonstrate standing. Nor did the courts require evidence of the federal government
10 actually attempting to enforce its laws against the states. The mere conflict between state and
11 federal law, and thus, the states' consequent inability to enforce their own laws, was sufficient to
12 demonstrate an injury for standing purposes. Similarly, here, Plaintiffs allege a conflict between
13 state and federal law wherein California is currently precluded from enforcing its own laws
14 regarding medically necessary emergency abortions. Accordingly, Plaintiffs have sufficiently
15 alleged an injury to California's sovereign interest in the continued enforceability of its own
16 statutes. At this procedural stage, Plaintiffs have meet their burden to demonstrate standing.[1]

## CONCLUSION

18 For the foregoing reasons, Defendants' motion to dismiss is DENIED. The Court
19 FURTHER ORDERS that the stay on discovery is HEREBY LIFTED.

20 In addition, the Christian Medical Association, the American Association of Pro-Life
21 Obstetricians and Gynecologists and the Fellowship of Christian Physician Assistants have
22 moved to intervene in this case as party defendants. Plaintiffs and Defendants are ORDERED

---

[1] Because the Court finds that Plaintiffs have sufficiently alleged an injury for standing purposes, the Court need not address the parties' arguments with respect to whether the potential loss of federal funds is sufficient or too remote to constitute an injury. Nevertheless, the Court notes that Plaintiffs do not just allege injuries that *could* result from a future loss of funds, but also have alleged that the potential loss of such a large amount of federal funding is *presently* impacting various state agencies' ability to plan fiscally sound budgets. (Complaint, ¶ 3.)

5

to inform the Court by no later than July 8, 2005 whether they intend to oppose the pending motion to intervene.

**IT IS SO ORDERED.**

Dated: June 27, 2005                                         /s/ Jeffrey S. White
                                                                                                            JEFFREY S. WHITE
                                                                                                            UNITED STATES DISTRICT JUDGE