IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STATE OF CALIFORNIA, et al., | |
| Plaintiffs, | No. C 05-00328 JSW |
| v. | |
| UNITED STATES OF AMERICA, et al. | **ORDER DENYING MOTIONS TO INTERVENE** |
| Defendants. | |

Now before the Court are the motions to intervene filed by Christian Medical Association, the American Association of Pro-Life Obstetricans and Gynecologists, and the Fellowship of Christian Physician Assistants ("Medical Groups") and by Alliance for Catholic Healthcare ("Alliance"), pursuant to Federal Rule of Civil Procedure 24(a) & (b). Both Plaintiffs and Defendants oppose the motions to intervene. The Court finds that this matter is appropriate for disposition without oral argument and the matter is deemed submitted. *See* N.D. Civ. L.R. 7-1(b). Accordingly, the hearing set for December 9, 2005 is VACATED. Having carefully considered the parties' arguments and relevant legal authority, the Court hereby DENIES the Medical Groups' and the Alliance's motions to intervene.

**BACKGROUND**

In this action, Plaintiffs, the State of California and the California Superintendent of Public Instruction, filed this action challenging the constitutionality of section 508(d) of the Departments of Labor, Health and Human Services, and Education, and Related Agencies Appropriations Act, 2005 (the "Weldon Amendment"). (Complaint, ¶ 12.) The Weldon

Amendment prohibits any federal funds from being made available to a state or local government "if such ... government subjects any institutional or individual health care entity to discrimination on the basis that the health care entity does not provide, pay for, provide coverage of, or refer for abortions." (*Id.*)  The Weldon Amendment does not contain an explicit exception for situations in which an emergency abortion is needed to protect the health or life of a woman.  Plaintiffs thus allege that the Weldon Amendment conflicts with California's statutory scheme which requires health care facilities which provide emergency services to provide medically necessary emergency abortions.  On this basis, Plaintiffs seek to invalidate the Weldon Amendment.

The Medical Groups are non-profit membership associations of health care professionals whose members are opposed to and refuse to provide or refer for abortions.  However, their members "do not object to providing emergency services and care in circumstances involving cases of 'emergency medical conditions,' as that term is defined in Cal. Health & Safety Code § 1317.1, or in cases of truly 'medically necessary abortions,' as that term is defined in, for example, Cal. Penal Code § 187(b)(2)."  (Medical Groups Mot. at 7.)  The Alliance is a non-profit association of religiously-affiliated health care providers who, because of their religious beliefs, do not provide abortion services.  According to the Alliance, "Catholic heathcare institutions may not, under any circumstances, provide abortion services or materially cooperate in any medical procedure whose sole immediate effect is the termination of pregnancy before viability."  (Alliance Mot. at 5.)

## DISCUSSION

**A.    Intervention as of Right.**

Pursuant to Federal Rule of Civil Procedure 24(a), an applicant seeking to intervene in a pending lawsuit "as of right" must demonstrate that: "(1) it has a significant protectable interest relating to the property or transaction that is the subject matter of the action; (2) the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; (3) the application is timely; and (4) the existing parties may not adequately represent the applicant's interest."  *United States v. City of Los Angeles*, 288 F.3d 391, 397 (9th Cir. 2002)

(internal citations omitted). An applicant must satisfy all four of these requirements. *Arakaki v. Cayetano*, 324 F.3d 1078, 1083 (9th Cir. 2003).

In evaluating these requirements, courts "are guided primarily by practical and equitable considerations." *Donnelly v. Glickman*, 159 F.3d 405, 409 (9th Cir. 1998). Courts generally construe conflicts in favor of intervention. *United States ex rel. McGough v. Covington Techs. Co.*, 967 F.2d 1391, 1394 (9th Cir. 1992). "By allowing parties with a practical interest in the outcome of a particular case to intervene, we often prevent or simplify future litigation involving related issues; at the same time, we allow an additional interested party to express its views before the court." *Forest Conservation Council v. U.S. Forest Serv.*, 66 F.3d 1489, 1496 n.8 (9th Cir. 1995) (citation omitted).

### 1. Significant Protectable Interests.

"The requirement of a significantly protectable interest is generally satisfied when the 'interest is protectable under some law, and ... there is a relationship between the protected interest and the claims at issue.'" *Arakaki*, 324 F.3d at 1084 (quoting *Sierra Club v. United States EPA*, 995 F.2d 1478, 1484 (9th Cir. 1993)). The "relationship" requirement is generally satisfied "only if the resolution of the plaintiff's claims will actually affect the applicant." *Id*. (quoting *Donnelly*, 159 F.3d at 410). To demonstrate a significant protectable interest, the proposed intervenor must demonstrate that the "relief sought by the plaintiffs will have direct, immediate, and harmful effects upon [the proposed-intervenors'] legally protectable interests." *Southwest Center for Biological Diversity v. Berg*, 268 F.2d 810, 818 (9th Cir. 2001) (quoting *Forest Conservation Council v. United States Forest Serv.*, 66 F.3d 1489, 1494 (9th Cir. 1995)).

#### a. The Medical Groups.

Here, the Medical Groups do not object to providing medically necessary abortions, but argue that California *may* construe "medically necessary emergency abortions" too broadly to cover all post-viability abortions. (Medical Groups Mot. at 7.) In essence, they seek to have the court clarify the meaning of the terms "medical emergencies" under California law so as to preserve their members' right not to participate in therapeutic abortions. (*Id*. at 13.) As Defendants note, the Medical Groups' asserted interest does not turn on the constitutionality of

3

the Weldon Amendment, but rather, on having this Court address California's interpretation of its own law. Accordingly, the Court concludes that the Medical Groups have not demonstrated that the resolution of Plaintiffs' claims in this matter will actually affect their asserted interest.

### b. The Alliance.

The Alliance does object to providing medically necessary abortions. They take issue with Plaintiffs' contention that California law requires health care facilities to provide abortions in medical emergencies, without exception, and that the State has the discretion to take action against heath care providers who refuse to provide abortion-related services in emergency situations. (Alliance's Mot. at 4.) The Alliance argues that if this Court declares the Weldon Amendment unconstitutional, their "members would be subjected to invidious government discrimination, based on the Alliance's members' choice not to participate in the provision of abortions as a matter of religiously-formed conscious," and thus their interests will be negatively impacted. (*Id*. at 6, 10.) The Court concludes that the Alliance has not demonstrated the relief sought by Plaintiffs will have direct, immediate, and harmful effects upon their asserted legally protectable interests.

The California laws requiring health care facilities to provide abortions in medical emergencies were enacted years before the Weldon Amendment, and the outcome of this lawsuit regarding the constitutionality of the Weldon Amendment does not have a direct legal impact on the existence of these California laws. Even if the Weldon Amendment is upheld as constitutional, the State could still chose to enforce its laws if a woman is denied a medically necessary emergency abortion, albeit at the risk of losing federal funding. Tellingly, as Defendants point out, the Alliance does not show that California has ever enforced its laws regarding medically necessary emergency abortions against any of its members, despite the fact that California Health and Safety Code § 1317 (one of the California provisions Plaintiffs contend are affected by the Weldon Amendment) was enacted almost twenty years ago. (Defendants' Opp. to Alliance Mot. at 4.) Moreover, California would have no basis to contemplate such enforcement actions unless and until a pregnant woman requires an abortion, on an emergency basis, to protect herself against loss of life, or serious injury or illness, and an

4

Alliance member's facility equipped to provide emergency abortion services, is asked to provide such services, but refuses to do so. The Court thus concludes that the Alliance's interest is too attenuated and that they have not demonstrated that the resolution of Plaintiffs' claims in this matter will *actually affect* their asserted interest.

### 2. The Disposition of this Action Will Not Impair or Impede the Proposed-Intervenors' Ability to Protect Their Interests.

Alternatively, even if assuming *arguendo* that the proposed intervenors sufficiently demonstrate the requisite relationship between their interests and the claims at issue, the Court concludes that both groups of proposed intervenors fail to demonstrate that the disposition of this action will impair or impede their ability to protect their interests. The Ninth Circuit approaches the "impair or impede" requirement pragmatically: "[i]f an absentee would be substantially affected in a practical sense by the determination made in an action, he should, as a general rule, be entitled to intervene." *Berg*, 268 F.3d at 822 (quoting Federal Rule of Civil Procedure 24 advisory committee's notes).

Plaintiffs' challenge the Weldon Amendment's threatened loss of federal funds to California if it chooses to enforce its laws regarding medical necessary emergency abortions. The interests of the proposed intervenors are one step removed from the dispute between the California and the federal government. First, as discussed above, the proposed intervenors interests are not at risk until a woman seeks a medically necessary emergency abortion from one of their members who then refuses to provide the abortion. Then California would need to decide to enforce its laws protecting the rights of women to obtain medically necessary emergency abortion against the proposed intervenors' member. Even if this Court finds the Weldon Amendment constitutional, California may still chose to risk a loss of funds and enforce its laws. As a practical matter, the Court finds that the subject matter of this suit is too removed from the interests of the proposed intervenors and that therefore, the disposition of this action

will not impair or impede their ability to protect their interests. Accordingly, the Court denies the Medical Groups' and the Alliance's motions to intervene as of right.[1]

**B.     Permissive Intervention.**

Pursuant to Federal Rule of Civil Procedure 24(b), "[a]n applicant who seeks permissive intervention must prove that it meets three threshold requirements: (1) it shares a common question of law or fact with the main action; (2) its motion is timely; and (3) the court has an independent basis for jurisdiction over the applicant's claims." *Donnelly*, 159 F.3d at 412; *see also Canatella v. California*, 404 F.3d 1106, 1117 (9th Cir. 2005) ("Permissive intervention to litigate a claim on the merits under Rule 24(b) requires ... an independent ground for jurisdiction.") (citation omitted). Both Plaintiffs and Defendants argue that the proposed intervenors failed to demonstrate the third requirement. The Medical Groups do not address this point in their reply brief, and the Alliance merely argues that it is not required to demonstrate an independent basis for jurisdiction.[2] Because neither the Medical Groups nor the Alliance have demonstrated the court has an independent basis for jurisdiction over its claims, the court denies both of their motions for permissive intervention.

---

[1] Because the Court concludes that the Medical Groups and the Alliance have not demonstrated either a significant protectable interest or that the disposition of this action may impair or impede such interest, the Court need not address whether the applications to intervene are timely or if the existing parties adequately represent the proposed intervenors' interests.

[2] The Alliance cites *Kootenai Tribe of Idaho v. Veneman*, 313 F.3d 1094, 1108 (9th Cir. 2002) for the proposition that applicants seeking to intervene are not required to demonstrate an independent jurisdictional basis. Its reliance is misplaced. In *Kootenai Tribe*, the court required the proposed intervenors to demonstrate an independent jurisdictional grounds for their appeal. *Id.* at 1109. Because proposed intervenor only sought to bring an appeal, the court did not address whether proposed intervenors would need to demonstrate an independent jurisdictional basis to intervene at the trial level.

6

**CONCLUSION**

Accordingly, the Court DENIES the Medical Groups' and the Alliance's motions to intervene pursuant to Rule 24(a) or (b).

**IT IS SO ORDERED.**

Dated: November 17, 2005

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE