IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STATE OF CALIFORNIA, et al., | No. C 05-0328 JSW (MEJ) |
| Plaintiffs, | |
| vs. | **ORDER RE: DISCOVERY DISPUTE** |
| UNITED STATES OF AMERICA, et al., | **ORDER AFTER IN CAMERA REVIEW** |
| Defendants. | |

## I.   INTRODUCTION

This case involves a claim for declaratory and injunctive relief by Plaintiffs regarding the Weldon Amendment. Departments of Labor, Health and Human Services, and Education, and Related Agencies Appropriations Act, 2005, Pub. L. No. 108-447, 118 Stat. 3163. The Weldon Amendment prohibits the distribution of federal funds to any federal agency, federal program, state or local government that "subjects any institutional or health care entity to discrimination on the basis that the health care entity does not provide, pay for, provide coverage of, or refer for abortions." *Id*. "Health care entity" includes "an individual physician or other health care professional, a hospital, a provider-sponsored organization, a health maintenance organization, a health insurance plan, or any other kind of health care facility, organization or plan." *Id*.

Plaintiffs argue that the Weldon Amendment may subject states to the loss of federal funding if they discriminate against an entity or an individual who refuses to provide abortion related services because it does not clearly define "discrimination" and does not state whether the restrictions apply to medically required abortions in emergency situations. Plaintiffs bring their claim because California Health and Safety Code Section 1317 ("Section 1317") requires health facility employees to provide an abortion to any

person who is in danger of loss of life, serious injury or illness. Cal. Health & Safety Code § 1317(a) (Deering 2005). Plaintiffs argue that the Weldon Amendment would prohibit enforcement of Section 1317 by forcing Plaintiffs to allow healthcare providers to deny medically necessary abortions in emergency situations. As such, Plaintiffs contend that the Weldon Amendment is constitutionally defective because it fails to include an explicit exception for abortion services that are medically required in emergency situations.

The parties are now before the Court regarding Defendants' responses to certain discovery propounded by Plaintiffs. These discovery requests include the following:

> Plaintiffs' Interrogatory Number 12:
>
> Would the DEPARTMENT OF HEALTH AND HUMAN SERVICES withhold federal funds from the State of California pursuant to the WELDON AMENDMENT if California or any of its departments, agencies or agents, disciplines a doctor, pursuant to California Health and Safety Code Section 1317, for failing or refusing to perform an emergency abortion that the doctor was qualified and equipped to perform?

*Joint Letter* at 1.

> Plaintiffs' Admission Request Number 11:
>
> If California or any of its departments, agencies or agents, disciplines a doctor, pursuant to California Health and Safety Code Section 1317, for failing or refusing to perform an emergency abortion that the doctor was qualified and equipped to perform, the DEPARTMENT OF HEALTH AND HUMAN SERVICES will withhold federal funds from the State of California pursuant to the Weldon Amendment.

*Joint Letter* at 1.

Defendants responded by stating that they would "enforce the law if they became aware of a violation." *Joint Letter* at 2.

Plaintiffs also requested that Defendants produce all documents regarding the possible implementation of the Weldon Amendment. *Joint Letter* at 3. In response, Defendants prepared a privilege log in which several documents were described as records regarding "potential action to implement the Weldon Amendment" and records "discussing issues pertaining to implementation of the Weldon Amendment." *Id*.

2

1    On October 19, 2005, the parties filed a Joint Meet and Confer Letter ("Joint Letter") regarding
2 these disputes. Elbert Lin signed for Defendants. Timothy M. Muscat signed for Plaintiffs. The parties'
3 Joint Letter details two distinct issues which are subject to dispute: (1) Defendants' response to Plaintiffs'
4 Interrogatory Number 12 and Admission Request Number 11; and (2) Defendants' failure to produce
5 documents regarding the implementation of the Weldon Amendment.

## II.  DISCUSSION

**A.  California's Discovery Requests Regarding Health and Safety Code Section 1317**

The first issue before the Court is whether to compel Defendants to provide more responsive answers to Plaintiffs' Interrogatory Number 12 and Admission Request Number 11. Defendants object to Plaintiffs' interrogatory and request for admission, arguing that they call for a "legal conclusion on the basis of hypothetical facts not before the Court." *Joint Letter* at 2. Defendants contend that Section 1317 has never been enforced; therefore, such questions are beyond the scope of permissible discovery because they do not contain facts central to the case and thus cannot seek an application of law to the facts of the case. *Id*. In response, Plaintiffs argue that the questions are proper in that they seek responses which call for an opinion or contention as to whether, under the circumstances presented in the questions, Defendants would withhold federal funds. Plaintiffs contend that such an opinion or contention relates to the fact or application of law to fact and is therefore permissible. *Id*.

"Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." Fed. R. Civ. P. 26(b)(1). "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id*. Thus, the scope of discovery under the Federal Rules is extremely broad. *Soto v. Concord*, 162 F.R.D. 603, 610 (N.D. Cal. 1995). A relevant matter is "any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in this case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) citing *Hickman v. Taylor*, 329 U.S. 495, 501 (1947).

"Interrogatories may relate to any matters which can be inquired into under Rule 26(b)(1), and the answers may be used to the extent permitted by the rules of evidence." Fed. R. Civ. P. 33(c). "An interrogatory otherwise proper is not necessarily objectionable merely because an answer to the

3

interrogatory involves an opinion or contention that relates to fact or the application of law to fact." *Id*. However, while the scope of interrogatories may seek responses of opinion or contention, the interrogatory must seek an application of law to the central facts of the case. It is not sufficient that an interrogatory seeks pure legal conclusions related not to the facts, but to the law of the case. *O'Brien v. International Brotherhood of Electrical Workers*, 443 F.Supp. 1182, 1187 (N.D. Ga. 1977).

Here, the Court agrees with Defendants that Plaintiffs' Interrogatory Number 12 and Admission Request Number 11 call for legal conclusion on the basis of facts not before the Court. The interrogatory and request for admission ask Defendants whether Plaintiffs' enforcement of Section 1317 would violate the Weldon Amendment. While Plaintiffs argue that the questions are admissible because they call for an "opinion or contention," the questions do not relate to fact or application of the law to fact as required by Federal Rules of Civil Procedure ("FRCP") 33(c). Plaintiffs' questions cannot involve facts or the applications of law to facts because, as Defendants argue, Section 1317 has never been enforced. Absent any application of law to the central facts of the case, Plaintiffs' questions amount to a request for pure legal conclusions.

The Court finds that this case is similar to the *O'Brien* decision. In *O'Brien*, the plaintiff union member alleged that he had been restrained in the exercise of his rights of free speech and assembly. *O'Brien* at 1184. The court held inadmissible an interrogatory that requested the defendant to list why each alleged violation was not precluded by operation of a provision of the Bill of Rights of Members of Labor Organizations, 29 U.S.C. § 411(b). *Id*. at 1187-8. The interrogatory contained no facts of the case, and therefore the court reasoned that the question sought "pure legal conclusions" which "related not to the fact, but to the law of the case." *Id*. at 1187. Here, like in *O'Brien*, Plaintiffs' questions contain no facts; instead, they request conclusions based solely on law. As the court in *O'Brien* indicated, the interrogatory must seek an application of law to the central facts of the case. It is not sufficient that an interrogatory seeks pure legal conclusions related not to the facts, but to the law of the case. *Id.*

In support of its position, Plaintiffs cite *O'Connor v. Boeing North American, Inc.,* 185 F.R.D. 272 (C.D.Cal. 1999). In *O'Connor*, the plaintiffs alleged they were exposed to radioactive substances as a result of the defendants' negligence. *Id*. at 276. The defendants in *O'Connor* served interrogatories on the

4

plaintiffs requesting a full description of each exposure the plaintiffs alleged the defendants caused. The court allowed the interrogatories because they focused on exposure to toxic substances, a fact that had occurred in the case. *Id.* at 281. However, *O'Connor* is distinguishable from the present case because, here, Plaintiffs seek an answer to a question that involves no facts of the case. Instead, Plaintiffs' questions require Defendant to conclude whether Plaintiffs' actions, which have not yet occurred, would trigger a withholding of federal funds. Such an absence of facts places the interrogatory and request for admission outside the scope of FRCP 33(c). While FRCP 33(c) allows interrogatories that involve opinions or contentions, the opinions or contentions must relate to facts or the application of law to facts. Plaintiffs' questions do not involve facts or the application of law to fact because Section 1317 has never been enforced. As such, Plaintiffs' questions amount to "pure legal conclusions" in violation of FRCP 33(c). Accordingly, Plaintiffs request for more responsive answers to Plaintiffs' Interrogatory Number 12 and Admission Request Number 11 is DENIED.

**B.     California's Request for Production of Documents Regarding the Implementation of the Weldon Amendment.**

The second issue before the Court is whether to compel Defendants to disclose the 15 documents listed in their privilege log. Plaintiffs requested all documents that "include, refer to, describe, or constitute any statement by or position of Defendant regarding the implementation of the Weldon Amendment." *Joint Letter* at 3. In response, Defendants submitted a privilege log listing 15 documents withheld pursuant to the deliberative process privilege. *Id*. Plaintiffs ask the Court to compel Defendant to produce these 15 documents.

Plaintiffs argue that the documents will show standing as well as the degree of coercion that California faces upon implementation of the Weldon Amendment. In response, Defendants object to Plaintiffs' request, arguing that they have not established a need sufficient to surmount the deliberative process privilege. *Joint Letter* at 4. Defendants further argue that since they have not formulated any plans or taken any action to implement the Weldon Amendment "no such plans are or could be reflected in the withheld documents." *Id*.

The Freedom of Information Act ("Act"), 5 U.S.C. § 552, provides for the disclosure of federal

5

government records in order to open the administrative processes to the scrutiny of the press and the public. *Renegotiation Bd. v. Bannercraft Clothing Co.*, 415 U.S. 1, 9 (1974). The Act mandates broad disclosure of federal government records unless the records may be withheld subject to one of the enumerated exemptions listed in the statute. *United States DOJ v. Julian*, 486 US 1, 8 (1988). While Congress created these exemptions in recognition that legitimate government and private interests may be harmed by disclosure of certain information, the exemptions are to be narrowly applied. *Id.*

One such exemption applies to "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency." 5 U.S.C. § 552 (b)(5). This exemption entitles an agency to withhold from the public "documents which a private party could not discover in litigation with the agency." *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 148 (1965) citing *EPA v. Mink*, 410 U.S. at 85-86. As such, Section 552(b)(5) includes the attorney-client privilege, the attorney work-product privilege, and the executive "deliberative process" privilege on which Defendants rely. In order to fall within the deliberative process privilege, the materials in question must be "predecisional" in nature and must also form part of the agency's "deliberative process." *Id.* at 151-152.

> A "predecisional" document is one "prepared in order to assist an agency decisionmaker in arriving at his decision" and may include "recommendations, draft documents, proposals, suggestions, and other subjective documents which reflect the personal opinions of the writer rather than the policy of the agency." A predecisional document is part of the "deliberative process," if "the disclosure of [the] materials would expose an agency's decisionmaking process in such a way as to discourage candid discussion within the agency and thereby undermine the agency's ability to perform its functions."

*Maricopa Audobon Society v. United States Forest Service*, 108 F. 3d 1089, 1093 (1997) (citations omitted).

After conducting an in camera review of the documents in question, the Court finds that they fall within the deliberative process privilege as set forth in 5 U.S.C. Section 552 (b)(5). The documents are "predecisonal" in nature and are part of Defendants' "deliberative process." Specifically, the Court finds that the documents were prepared in order to assist the agency in arriving at its decision and include subjective material which reflects the personal opinions of the writer rather than the policy of the agency.

Thus, disclosure would expose the agency's decisonmaking process in such a way as to discourage candid discussion within the agency. Therefore, the documents are protected by the deliberative process privilege.

The Court also finds that Plaintiffs have failed to make the strong showing required to overcome the deliberative process privilege. Federal courts have held that this privilege "may be overcome by a strong showing of need on the part of the party seeking discovery." *United States v. Rozet*, 183 F.R.D. 662, 665 (N.D. Cal. 1998) (citation omitted). However, the Court agrees with Defendants that the documents are insufficient to support either standing or coercion. The documents neither contain plans to implement the Weldon Amendment nor do they contain information as to the degree of coercion Plaintiffs may face as a result of implementation of the Weldon Amendment. Additionally, the documents do not contain past or current plans regarding the enforcement of the Weldon Amendment. Absent such information regarding standing or coercion, Plaintiffs' claim must fail. Accordingly, Plaintiffs' request for production of documents regarding the implementation of the Weldon Amendment is DENIED.

### III.   CONCLUSION

Based on the foregoing analysis, the Court hereby ORDERS as follows:

1. Plaintiffs' request to compel further responses to Interrogatory Number 12 and Admission Request Number 11 is hereby DENIED; and

2. Plaintiffs' request for production of documents regarding the implementation of the Weldon Amendment is DENIED.

**IT IS SO ORDERED.**

Dated: December 1, 2005

MARIA-ELENA JAMES
United States Magistrate Judge

7