IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STATE OF CALIFORNIA, et al., | No. C 05-0328 JSW (MEJ) |
| Plaintiffs, | **ORDER RE: DEPOSITION DISPUTE** |
| vs. | |
| UNITED STATES OF AMERICA, et al., | |
| Defendants. | |

## I.   INTRODUCTION

This case involves a claim for declaratory and injunctive relief by Plaintiffs regarding the Weldon Amendment. Departments of Labor, Health and Human Services, and Education, and Related Agencies Appropriations Act, 2005, Pub. L. No. 108-447, 118 Stat. 3163. The parties are now before the Court regarding deposition notices served by Plaintiffs on Defendants. These deposition notices include the following:

> Plaintiffs' Matter for Examination Number 2:
>
> The meaning of the Weldon Amendment, including, but not limited to, the meaning of the word "discrimination," as used in the Weldon Amendment.

*Joint Letter* at 3.

> Plaintiffs' Matter for Examination Number 7:
>
> The potential consequences, penalty or other ramifications that may be

imposed by the United States on the State of California should the State be deemed to have subjected any health care entity to discrimination on the basis that the health care entity does not provide, pay for, provide coverage of, or refer for abortions.

*Joint Letter* at 3.

Plaintiffs' Matter for Examination Number 13:

Whether HHS would deem the State of California to have subjected a health care entity to discrimination on the basis that the health care entity does not provide, pay for, provide coverage of, or refer for abortions, if the State of California took disciplinary action against a hospital and/or doctor or other health care entity for failing to provide abortion services in a medical emergency.

*Joint Letter* at 4.

Plaintiffs' Matter for Examination Number 15:

Communications by HHS or anyone acting on its behalf with private individuals, organizations, members of Congress or their staff, or members of the White House staff about the scope and meaning of the Weldon Amendment.

*Joint Letter* at 4.

Plaintiffs' Matter for Examination Number 4:

The identification of each HHS employee, official, agent or other representative authorized to enforce the provisions of the Weldon Amendment on behalf of the United States, including but not limited to, any such person authorized to determine whether any state or local government entity has failed to comply with the provisions of the Weldon Amendment.

*Joint Letter* at 3.

Plaintiffs' Matter for Examination Number 5:

The identification of each HHS employee, official, agent or other representative authorized to determine whether federal funds should be withheld, and, if so, the amount of federal funds that should be withheld, from any state or local government entity that has failed to comply with the provisions of the Weldon Amendment.

*Joint Letter* at 3.

Plaintiffs' Matter for Examination Number 6:

How HHS will determine whether federal funds should be withheld, and, if so, the amount of federal funds that should be withheld, from any state or local government entity that has failed to comply with the provisions of the Weldon Amendment.

2

*Joint Letter* at 3.

        Plaintiffs' Matter for Examination Number 10:

        How, when and whether HHS will implement or enforce the Weldon Amendment.

*Joint Letter* at 3.

        Plaintiffs' Matter for Examination Number 11:

        How HHS is complying, or will comply, with the Weldon Amendment.

*Joint Letter* at 3.

        Plaintiffs' Matter for Examination Number 12:

        Any efforts or attempts by HHS or the United States to implement the Weldon Amendment, including but not limited to, any steps HHS has taken to inform or educate recipients of federal funds about the provisions or requirements of the Weldon Amendment and any actions HHS has taken to determine whether any federal agency or program, or state or local government has failed, or is failing, to comply with the Weldon Amendment.

*Joint Letter* at 4.

        Plaintiffs' Matter for Examination Number 16:

        The following responses by HHS to Plaintiffs' discovery requests:
    a.    Response of Defendants Department of Health and Human Services and Michael O. Leavitt, Secretary of Health and Human Services, to Plaintiffs' Interrogatories (Set No. One);
    b.    Response of Defendants Department of Health and Human Services and Michael O. Leavitt, Secretary of Health and Human Services, to Plaintiffs' Request for Production of Documents (Set No. One);
    c.    Response of Defendants Department of Health and Human Services and Michael O. Leavitt, Secretary of Health and Human Services, to Plaintiffs' Request for Admissions (Set No. One);
    d.    Response of Defendant United States of America to Plaintiffs' Interrogatories (Set No. One);

*Joint Letter* at 4.

      On November 28, 2005, the parties filed a Joint Meet and Confer Letter ("Joint Letter") regarding these disputes. James J. Gilligan signed for Defendants. Tim Muscat signed for Plaintiffs. The parties' Joint Letter details four distinct issues which are subject to dispute: (1) Defendants' response to Plaintiffs'

3

Deposition Examination Matters 2, 7, 13, and 15;  (2)  Defendants' response to Plaintiffs' Deposition Examination Matters 15;  (3)  Defendants' response to Plaintiffs' Deposition Examination Matters 4-6 and 10-12; and  (4)  Defendants' response to Plaintiffs' Deposition Examination Matter 16.

## II.   DISCUSSION

**A.   California's Discovery Requests Regarding Examination Matters 2, 7, 13 and 15.**

The first issue before the Court is whether to grant Defendants' request for a protective order quashing Plaintiffs' Rule 30(b)(6) notices regarding examination matters 2, 7, 13 and 15.  Defendants object to Plaintiffs' examination matters, arguing that they "do not relate to fact" and "involve the meaning of a federal statute" which amounts to "a pure question of law to be answered based on the statute's text and legislative history." *Joint Letter* at 2.  Defendants contend that "the meaning of a statute is a legal issue of congressional intent to be determined by the court."  *Id*.  In response, Plaintiffs argue that these examination matters are proper because they seek statements from those authorized to enforce the Weldon Amendment regarding their understanding of the statute.  Plaintiffs contend that Defendants' understanding of the Weldon Amendment is relevant to determine whether the statute will be used to penalize California, a central issue in the case.  Plaintiffs also maintain that their questions seek to "define and clarify the issues," which is a primary purpose of discovery.  *Id.* at 3.

"Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party."  Fed. R. Civ. P. 26(b)(1).  "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  *Id*.  Thus, the scope of discovery under the Federal Rules is extremely broad.  *Soto v. Concord*, 162 F.R.D. 603, 610 (N.D. Cal. 1995).  A relevant matter is "any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in this case."  *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) citing *Hickman v. Taylor*, 329 U.S. 495, 501 (1947).

"A party may in the party's notice and in a subpoena name as the deponent a public or private corporation or a partnership or association or governmental agency and describe with reasonable particularity the matters on which examination is requested."  Fed. R. Civ. P. 30(b)(6).  "The organization so named shall designate one or more officers, directors, or managing agents, or other persons who consent

4

to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify." *Id*.  "The persons so designated shall testify as to matters known or reasonably available to the organization. " *Id*.

Here, the Court agrees with Defendants that Plaintiffs' examination matters 2, 7, 13 and 15 call for testimony on the meaning of the statute which is an issue to be determined by the court.   Plaintiffs request testimony on the meaning of the word "'discrimination" as used in the Weldon Amendment, the "potential consequences" of violating the statute, whether California's enforcement of healthcare laws would violate the statute, and communications about the statute's "scope and meaning".  *Joint Letter* at 2.  While Plaintiffs argue that these questions are admissible because they call for "pointed responses as to a particular text," the questions seek an interpretation of the meaning of the Weldon Amendment.  Such interpretations of statutes involve determinations of Congressional intent and meaning intended by Congress is a legal issue within the province of the Court, not to be ascertained from Defendants' responses.  *LaForte v. Horner,*  833 F.2d, 977 at 982 (Fed. Cir. 1987).

Therefore, questions involving legal interpretations of statutes are not proper examination matters for depositions. The Court finds that this case is similar to *LaForte.* In *LaForte*, the plaintiff federal firefighter brought an action challenging a formula used by the Office of Personnel Management to calculate overtime pay. *LaForte*, 833 F.2d at 977. The Fair Labor Standards Act, 5 U.S.C.A. Section 5404(b) states the rate of overtime pay applicable to government employees and the plaintiffs served the defendant with a request for admission based on the text of the statute. The court held that the defendant's response to the request for admission seeking an interpretation of the Fair Labor Standards Act was not determinative of the meaning intended by Congress. *Id*. at 982. The court reasoned that such a request called for the meaning of the statute as intended by Congress and was "a legal issue which must be determined...by the courts." *Id*. at 982. The ruling in *LaForte* is applicable here because Plaintiffs seek a statement of "the enforcement agency's understanding of the meaning of the Weldon Amendment." *Joint Letter* at 2. The Weldon Amendment, like the Fair Labor Standards Act, is a piece of legislation. Therefore, Plaintiffs' request requires Defendant to interpret Congress' intent in enacting legislation.

Here, in support of its position, Plaintiffs cite *Booth Oil Site Admin. Group v. Safety-Kleen*

5

*Corp.,* 194 F.R.D. 76 (W.D.N.Y. 2000).  In *Booth*, the plaintiffs sought reimbursement for costs incurred in the removal of hazardous oil waste from the defendants' property.  The plaintiff served the defendants with requests for admissions based on the text of three agreements between the parties.  The defendants were asked to admit that the quoted material was, in fact, the text of each provision.  *Id*. at 79.  The defendants objected to the requests on the grounds that they improperly sought an "admission to the interpretation of the document." *Id*.  The court held that "a statement of a party's understanding of the meaning or intent of a document is therefore a statement of fact" and is admissible.  *Id*. at 80.  Yet the court in *Booth* went on to differentiate admissions requesting the meaning and intent of a contract provision from those involving a statute, as in LaForte.  *Id*. at 81.   The court held that an admission as to the statute's meaning could not be "determinative as to congressional intent" because "such interpretation was a legal conclusion for the court." *Id*.         *Booth* is distinguishable from the present case because, here, Plaintiffs seek a

statement of "the enforcement agency's understanding of the meaning of the Weldon Amendment." *Joint Letter* at 2.  Unlike the contract at issue in *Booth*, the Weldon Amendment is a statute.  Therefore, the ruling in *LaForte* is more appropriate than the ruling in Booth.    Plaintiffs' request testimony from Defendants as to the meaning of the Weldon Amendment.  Such questions seek a determination of congressional intent which, as stated in *LaForte*, is a legal conclusion for the Court.  Accordingly, Defendants' request for a protective order quashing Plaintiffs' Rule 30(b)(6) notices regarding examination matters 2, 7, 13 and 15 is GRANTED.

///

**B.     California's Discovery Requests Regarding Examination Matter Number 15.**

The second issue before the Court is whether to grant Defendants' request for a protective order quashing Plaintiffs' Rule 30(b)(6) notices regarding examination matter 15.  The matter in question seeks testimony on communications between Defendants and the White House, Congress or others regarding the "scope and meaning" of the Weldon Amendment.  *Joint Letter* at 3.  Defendants object to Matter Number 15 on the grounds that such communication is irrelevant as well as privileged as a communication of the Executive Branch.  Plaintiffs argue that questions that are objectionable at trial are permitted during

1  discovery because the purpose of a deposition is to re-evaluate the relevant and irrelevant facts in order to
2  gather relevant background facts. *Joint Letter* at 4.

3  During deposition, "examination and cross-examination of witnesses may proceed as permitted at
4  trial under the provisions of the Federal Rules of Evidence except Rules 103 and 615." Fed. R. Civ. P.
5  30(c). Federal Rule of Evidence 103 states that "error may not be predicated upon a ruling which admits
6  or excludes evidence unless a substantial right of the party is affected" and a timely objection and offer of
7  proof is made. Fed. R. Evid. 103(a)(1),(2). Federal Rule of Evidence 615 states that during trial "at the
8  request of a party the court shall order witnesses excluded so that they cannot hear the testimony of other
9  witnesses." Fed. R. Evid. 615. "All objections made at the time of examination...shall be noted by the
10 officer upon the record of the deposition; but the examination shall proceed with the testimony being taken
11 subject to the objections." Fed. R. Civ. P. 30(c). Therefore, the discovery rules permit broad latitude in
12 the taking of depositions. *Oliver v. Kalamazoo Board of Education*, 346 F.Supp. 766, 789 (W.D. Mich
13 1971). "Rule 30(c) of the Federal Rules of Civil Procedure even permits the asking of questions which
14 might be objectionable at trial." *Id.* at 789.

15 Here, the Court agrees with Defendants that examination matter number 15 seeks testimony that is
16 privileged as a communication of the Executive Branch. Plaintiffs argue that to the extent Defendants are
17 charged with enforcing the Weldon Amendment, they are entitled to inquire into Defendants'
18 communications with Congress or White House staff concerning the statute's meaning. However, while the
19 discovery rules permit broad latitude in matters for deposition, even permitting questions which might be
20 objectionable at trial, they do not supercede confidential Executive Branch communications. *United*
21 *States v. Nixon*, 418 U.S. 683 at 715 (1974) .

22 In *Cheney v. U.S. Dist. Ct.*, 542 U.S., 367 (2004), the Supreme Court held that the defendants,
23 including the Vice President and the National Energy Policy Development Group ("NEPDG"), were not
24 required to assert the executive privilege before considering separation of powers arguments in support of
25 confidential Executive Branch communications. *Cheney v. U.S. Dist. Ct.*, 542 U.S., 367, 382 (2004).
26 The President established the NEPDG to give him advice and make recommendations on energy policy,
27 assigning a number of federal agency heads and assistants to serve as Group members and authorizing the
28

7

Vice President, as NEPDG chairman, to include other federal officers as appropriate. *Id.* at 374. Public interest and environmental groups sued to enforce disclosure of the NEPDG meetings in compliance with disclosure requirements of the Federal Advisory Committee Act. The Court held that "special considerations control when the Executive Branch's interests in maintaining the autonomy of its office and safeguarding the confidentiality of its communications are impacted" in the performance of its constitutional duties. *Id*. at 387. These considerations are implied in the separation-of-powers: "public interest requires that a coequal branch of Government 'afford Presidential confidentiality the greatest protection consistent with the fair administration of justice.'" *Id.* at 382 (citing *Nixon*, 418 U.S. at 715). This confidentiality is necessary to protect the "Executive Branch from litigation that might distract it from the energetic performance of its constitutional duties." *Id*.

Here, Plaintiffs request testimony regarding communications between Defendants and members of the White House staff. Like *Cheney*, Plaintiffs' examination matter requires disclosure of Defendants' communications with the Executive Branch while in performance of their constitutional duties. Therefore, Plaintiffs' subject matter for deposition is precluded because it intrudes upon confidential Executive Branch communications. Accordingly, Defendants' request for a protective order quashing Plaintiffs' Rule 30(b)(6) notices regarding examination matter 15 is GRANTED.

**C.     California's Requests Regarding Examination Matter Numbers 4-6 and 10-12.**

The third issue before the Court is whether to grant Defendants' request for a protective order quashing Plaintiffs' Rule 30(b)(6) notices regarding examination matters 4-6 and 10-12. Defendants argue that they have already provided Plaintiffs with interrogatory answers sufficiently responding to these subject matters and maintain that "further pursuit of these inquiries through deposition would be far outweighed by the burden." *Joint Letter* at 4. Plaintiffs argue that they should not be denied their right to take depositions because Defendants have already provided information on the same topic. *Id.* at 5.

"Upon motion by a party...on matters relating to a deposition, the court in the district where the deposition is to be taken may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). However, this "does not stand for the proposition that a court should review every 30(b)(6) deposition notice on a

1  topic-by-topic basis...such a time consuming process should be...limited to extreme situations where the
2  right to take such a deposition is being abused." *Tri-State Hospital Supply v. United States*, 226 F.R.D.
3  118, 126 (D.D.C. 2005).  Thus, while a court may grant a protective order to avoid undue burden, it must
4  be reserved for extreme circumstances. *Id*.

5  Here, the Court finds no circumstance extreme enough to warrant a protective order quashing
6  Plaintiffs' topics for deposition.  The Court agrees with Plaintiffs that they should not be precluded from
7  taking depositions simply because Defendants have previously provided information on the same topics in
8  response to other discovery. *Joint Letter* at 5.  The Court finds this case similar to *Tri-State Hospital*
9  *Supply*.  In *Tri-State*, the plaintiff sued the government for malicious prosecution when the U.S. Customs
10 Service brought an action against plaintiff for falsifying documents. *Tri-State Hospital Supply*, 226 F.R.D.
11 at 118.  The plaintiff served deposition notices on the defendant that required duplicative information
12 previously sought via other discovery mechanisms. *Id*. at 125.  The court held that no principle of law
13 precluded a party from pursuing a topic during deposition "about which it had already received information
14 via other discovery devices." *Id*.  The court stated that the discovery process, by its very nature, "entails
15 asking witnesses questions about matters that have been the subject of other discovery." *Id.* at 126.  While
16 courts may prevent a party from unduly burdensome lines of inquiry, the court held that it must do so only in
17 cases of extreme circumstances where the deposition right is being abused. *Id*.  Thus, the court in *Tri-*
18 *State* did not deem the duplicative questions to be an abuse of the deposition right, and held in favor of the
19 plaintiff. *Id*.  Here, like in *Tri- State*, Plaintiffs served deposition notices on Defendants that required
20 duplicative information sought via other discovery mechanisms.  Plaintiffs' deposition notices do not create
21 an extreme situation where the right to take such a deposition is being abused because they are not so
22 numerous or complex to qualify as unduly burdensome.

23 In support of their position, Defendants cite *McCormack-Morgan, Inc. v. Teledyne indus., Inc*.,
24 134 F.R.D. (N.D. Cal. 1991).  In *McCormack-Morgan*, the plaintiff brought an action for patent
25 infringement and the court held that there was "no reason to permit" the inquiry of information "through more
26 than one discovery device." *McCormack-Morgan* at 286-287.  However, *McCormack-Morgan*, unlike
27 the case at hand, dealt with complex issues specific to patent litigation.  Due to the complexity of the
28

9

matters for discovery and the volume of discovery materials in *McCormack-Morgan*, such circumstances were deemed "extreme," thus requiring the oversight of the court. *Id*. Therefore, to avoid annoyance, embarrassment, oppression, undue burden or expense, the court in *McCormack-Morgan* ordered both parties to refrain from duplicative deposition notices. *Id*. at 288. Absent such "extreme" circumstances and abuse here, the Court finds no reason to quash duplicative deposition notices. Accordingly, Defendants' request for a protective order quashing Plaintiffs' Rule 30(b)(6) notices regarding examination matters 4-6 and 10-12 is DENIED.

**D. California's Discovery Requests Regarding Examination Matters Number 16.**

The fourth issue before the Court is whether to grant Defendants' request for a protective order quashing Plaintiffs' Rule 30(b)(6) notices regarding examination matter 16, which seeks testimony regarding Defendants' responses to Plaintiffs' document requests, interrogatories, and requests for admission. Defendants argue that Plaintiffs' notice is unduly burdensome and overlaps with other designated matters for examination. Additionally, Defendants contend that Plaintiffs' notice improperly trespasses into areas of work product and attorney-client privilege. *Joint Letter* at 5. Plaintiffs argue that they are entitled to request clarification of the responses Defendants gave to their written discovery. Moreover, Plaintiffs maintain that they do not intend to inquire into communications with counsel or other areas of privilege. *Id*.

Here, the Court agrees with Plaintiffs that they are entitled to request testimony clarifying matters which have been the subject of written discovery. Unlike *Smithkline Beecham Corp. v. Apotex Corp*., 2000WL 116082, 1 (N.D. Ill. Jan 24, 2000), the case cited by Defendants, this is not a patent infringement case containing vast amounts of discovery material. *Smithkline Beecham Corp. v. Apotex Corp*., 2000WL 116082, 1 (N.D. Ill. Jan 24, 2000). Therefore, unlike *Smithkline Beecham*, Plaintiffs' request does not pose an undue burden. Additionally, Plaintiffs have stated they do not intend to inquire into areas of privilege. Given these facts and the Court's narrowing of the field of discovery, the notice properly requests examination matter for deposition. Accordingly, Defendants' request for a protective order quashing Plaintiffs' Rule 30(b)(6) notices regarding examination matter 16 is DENIED.

**III.   CONCLUSION**

Based on the foregoing analysis, the Court hereby ORDERS as follows:

1. Defendants' request for a protective order quashing Plaintiffs' Rule 30(b)(6) notices regarding examination matter numbers 2, 7, 13 and 15 is GRANTED;

2. Defendants' request for a protective order quashing Plaintiffs' Rule 30(b)(6) notices regarding examination matter number 15 is GRANTED;

3. Defendants' request for a protective order quashing Plaintiffs' Rule 30(b)(6) notices regarding examination matter numbers 4-6 and 10-12 is DENIED; and

4. Defendants' request for a protective order quashing Plaintiffs' Rule 30(b)(6) notices regarding examination matter number 16 is DENIED.

**IT IS SO ORDERED.**

Dated: December 19, 2005

MARIA-ELENA JAMES
United States Magistrate Judge