PETER D. KEISLER
Assistant Attorney General

SHEILA M. LIEBER
Deputy Branch Director

JAMES J. GILLIGAN (D.C. Bar No. 422152)
ELBERT LIN (MA Bar No. 657901)
Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, N.W.
Washington, D.C. 20001
(202) 514-3358
(202) 616-8470 (fax)

Attorneys for Defendants

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
(San Francisco Division)

STATE OF CALIFORNIA, et al.,

    Plaintiffs,

v.

UNITED STATES OF AMERICA, et al.,

    Defendants.

Case No. C-05-00328-JSW-MEJ

STIPULATION AND ~~PROPOSED~~ ORDER RE: ENLARGEMENT OF PAGE LIMIT

WHEREAS, plaintiffs brought this action challenging the constitutionality of § 508(d) of the Departments of Labor, Health and Human Services, and Education, and Related Agencies Appropriations Act, 2005 (Division F of the Consolidated Appropriations Act, 2005, Pub. L. 108-447, 118 Stat. 2809), referred to as the Weldon Amendment;

WHEREAS, pursuant to the Court's Civil Minute Order of June 24, 2005, as subsequently modified by the Stipulations and Orders dated November 23 and December 22, 2005, the parties' briefing in connection with their respective cross-motions for summary judgment will be consolidated into a total of four briefs, rather than a separate supporting memorandum, opposition brief, and reply in connection with each respective cross-motion;

Stipulation and ~~Proposed~~ Order re: Enlargement of Page Limit
Case No. C-05-00328 JSW

WHEREAS, resolution of the parties' dispositive cross-motions will require the Court to decide numerous legal issues raised in plaintiffs' complaint and otherwise asserted by defendants, including, but not necessarily limited to: (i) whether the plaintiffs have established their standing to sue; (ii) whether plaintiffs' claims are ripe; (iii) whether the Weldon Amendment exceeds Congress's power under the Spending Clause of Article I of the Constitution by failing to provide states with adequate notice of what action or conduct, if engaged in by a state, would result under the Weldon Amendment's terms in a withholding of federal funds; (iv) whether the Weldon Amendment exceeds Congress's power under the Spending Clause because it bears no rational relationship to the federal interest in the California education and employment programs funded by the Appropriations Act; (v) whether the Weldon Amendment is so coercive as to violate the Tenth Amendment to the Constitution by forcing the State of California either to forgo enforcement of state law or risk losing billions of dollars in federal funding; (vi) whether the Weldon Amendment impermissibly interferes with a woman's access to abortion in California, in violation of the Constitution; (vii) whether the Weldon Amendment, by failing to contain an exception for medically necessary abortions, violates women's rights to privacy, life, and liberty guaranteed by Due Process Clause of the Fifth Amendment to the Constitution, and (viii) whether plaintiffs are entitled to a declaratory judgment that enforcement of California laws requiring health care entities to provide emergency abortion services does not constitute a violation of the Weldon Amendment;

WHEREAS defendants' counsel, believing it would be impracticable, given the consolidated briefing in this case, to address these issues in sufficient depth within the page limits prescribed by Local Rules 7-2, 7-3, and 7-4, and the Court's Standing Civil Orders, contacted plaintiffs' counsel to discuss a reasonable enlargement of these page limits;

WHEREAS, the parties, having conferred through counsel, agree that an enlargement of the page limit to 35 pages for plaintiffs' memorandum of points and authorities in support of their motion for summary judgment; 35 pages for defendants' combined memorandum of points and authorities in support of their motion and opposition to plaintiffs' motion; 20 pages for plaintiffs' reply brief in support of their motion and opposition to defendants' motion for

1. summary judgment; and 20 pages for defendants' reply brief in support of their motion, will be both necessary and sufficient for a suitable presentation of the issues for the Court's decision;

WHEREAS, in light of the fact that briefing of the parties' respective cross-motions has been consolidated to a total of four briefs, the foregoing page limits will not increase but, rather, will decrease the total number of pages that would have otherwise been permitted under the Local Rules, and the Court's Standing Civil Orders, had the parties submitted a supporting memorandum, opposition, and reply in connection with each of their respective cross-motions; and

WHEREAS, therefore, the foregoing enlargement of the page limit will not impose additional burdens on the Court in order to resolve this case, or otherwise disserve the interests of judicial economy:

IT IS HEREBY STIPULATED, AGREED, AND ORDERED THAT:

1. Plaintiffs' memorandum of points and authorities in support of their motion for summary judgment, and defendants' combined memorandum of points and authorities in support of their motion for summary judgment, and in opposition to plaintiffs' motion, each shall not exceed 35 pages in length.

2. Plaintiffs' combined reply brief in support of their motion and opposition to defendants' motion for summary judgment, and defendants' reply in support of their motion, each shall not exceed 20 pages in length.

1  Seen and agreed to:

2

3  /s/ James J. Gilligan                                /s/ Antonette B. Cordero /signature w/au thority/

4  JAMES J. GILLIGAN                                   ANTONETTE B. CORDERO (SB 122112)
   (DC Bar No. 422152)                                 Deputy Attorney General
5  United States Department of Justice                 California Department of Justice
   Civil Division                                      300 South Spring Street
6  Federal Programs Branch                             Los Angeles, California 90013
   P.O. Box 883
7  Washington, D.C. 20044

8  Telephone: (202) 514-3358                           Telephone: (213) 897-2039

9
   Attorney for Defendants                             Attorney for Plaintiffs
10
   Pursuant to the parties' stipulation, the page limits are so modified. The Court further orders that
11 the hearing on the parties' cross-motions currently scheduled for June 16, 2006 is HEREBY
   CONTINUED to June 23, 2006 at 9:00 a.m.
12

13  So ORDERED this  10   day of April, 2006.

14

15

16

17  /s/ Jeffrey S. White
    HON. JEFFREY S. WHITE
18  UNITED STATES DISTRICT JUDGE

19

20

21

22

23

24

25

26

27

28

Stipulation and ~~Proposed~~ Order re: Enlargement of Page Limit
Case No. C-05-00328 JSW                    -4-