IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STATE OF CALIFORNIA, et al., | No. C 05-0328 JSW (MEJ) |
| Plaintiffs, | **ORDER DENYING DEFENDANTS' REQUEST TO COMPEL DEPOSITION OF CALIFORNIA ATTORNEY GENERAL BILL LOCKYER** |
| vs. | |
| UNITED STATES OF AMERICA, et al., | |
| Defendants. | |

The Court is in receipt of the parties' joint discovery dispute letter, filed September 5, 2006, regarding a joint deposition notice served by defendant interveners Alliance of Catholic Health Care, Christian Medical Association, American Association of Pro-Life Obstetricians and Gynecologists, and the Fellowship of Christian Physician Assistants ("Defendants"). Doc. #100. In their notice of deposition, Defendants sought to take the videotaped deposition of California Attorney General Bill Lockyer.

In the joint letter, Defendants argue that Lockyer has stepped into the role of a witness by submitting a sworn declaration on the merits in support of Plaintiff's Motion for Summary Judgment and has been identified by the Plaintiffs as a knowledgeable witness as to the merits of their claims. In response, Plaintiffs argue that Bill Lockyer should not be compelled to appear for the noticed deposition because heads of government agencies are not normally subject to depositions under

federal law.

The need to limit the use of subpoenas served on high government officials was recognized by the United States Supreme Court in *United States v. Morgan*, 313 U.S. 409, 421-22 (1941). There, the district court allowed plaintiffs to take the deposition of the Secretary of Agriculture regarding decisions made in his official capacity, and subsequently to call him to testify at trial. The Court stated that this type of examination of a high government official threatened to undermine the "integrity of the administrative process." *Id.* at 422. The Ninth Circuit also recognizes that heads of government agencies are not normally subject to depositions under federal law. *Kyle Engineering Co. v. Kleepe*, 600 F.2d 226, 231-32 (9th Cir. 1979) ("Heads of government agencies are not normally subject to deposition and the district court's order directing [the Administrator of the Small Business Administration] to answer interrogatories in lieu of a deposition does not appear unreasonable.").

Here, Defendants seek to compel the deposition of Bill Lockyer, the chief law officer of the State of California under the California Constitution. Under the Supreme Court and Ninth Circuit standard, Lockyer would normally not be subject to deposition. However, in support of their summary judgment motion, Plaintiffs have submitted his declaration, and also identified him as a knowledgeable witness as to the merits of their claims. Accordingly, Lockyer's deposition might be appropriate if it is essential to prevent prejudice or injustice to Plaintiffs. *Wirtz v. Local 30, Int'l Union of Operating Engineers*, 34 F.R.D. 13, 14 (S.D.N.Y. 1963).

Upon consideration of the parties' arguments and relevant legal authority, the Court finds that Lockyer's deposition is not essential. Defendants have failed to demonstrate why they can not seek the information they desire by propounding additional interrogatories or noticing other witnesses for deposition. As the Ninth Circuit stated in *Kyle*, interrogatories are an appropriate discovery method in lieu of deposing a high ranking government official. *Kyle*, 600 F.2d at 231. While Defendants might prefer a deposition instead of interrogatories, this preference runs counter to the Ninth Circuit's application of the high ranking government official rule in *Kyle*. Accordingly, the Court hereby DENIES Defendants' request to compel Lockyer's deposition. Defendants may, in the

2

alternative, seek the information they desire by propounding additional interrogatories or noticing other witnesses for deposition.

**IT IS SO ORDERED.**

Dated: September 12, 2006

_____
MARIA-ELENA JAMES
United States Magistrate Judge

3