IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STATE OF CALIFORNIA, et al. | |
| Plaintiff, | No. C 05-00328 JSW |
| v. | |
| UNITED STATES OF AMERICA, et al. | **NOTICE OF QUESTIONS FOR THE HEARING** |
| Defendant. | |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING QUESTIONS FOR THE HEARING SCHEDULED ON JANUARY 12, 2007:

The Court has reviewed the parties' memoranda of points and authorities and, thus, does not wish to hear the parties reargue matters addressed in those pleadings. If the parties intend to rely on authorities not cited in their briefs, they are ORDERED to notify the Court and opposing counsel of these authorities reasonably in advance of the hearing and to make copies available at the hearing. If the parties submit such additional authorities, they are ORDERED to submit the citations to the authorities only, without argument or additional briefing. *Cf*. N.D. Civil Local Rule 7-3(d). The parties will be given the opportunity at oral argument to explain their reliance on such authority.

The parties shall have fifteen minutes to address the following questions:

(1) The Ninth Circuit has made clear that "to the extent that statutes can be harmonized, they should be" and that "Congress must be presumed to have known of its former legislation and to have passed new laws in view of the provisions of the legislation already enacted." *United States v. Trident Seafoods Corp.*, 92 F.3d 855, 862 (9th Cir.

1996). In light of this standard, what is the United States' position with respect to the interplay between the Emergency Medical Treatment and Active Labor Act ("EMTALA"), 42 U.S.C. § 1395dd and the Weldon Amendment? Should the Weldon Amendment be interpreted in a manner that is consistent with the EMTALA?

(2) If the Weldon Amendment does contain an exception for emergencies pursuant to the EMTALA, does the State still contend that the Weldon Amendment is unconstitutional?

(3) The State argues that the standard for facial challenges is the standard set forth in *United States v. Salerno,* 481 U.S. 739, 745, 107 S.Ct. 2095, 95 L.Ed.2d 697 (1987), which provides that a plaintiff must "establish that no set of circumstances exists under which the [statute] would be valid." However, a different standard applies to facial challenges to abortion statutes. *See S.D. Myers, Inc. v. City and County of San Francisco*, 253 F.3d 461, 467 (9th Cir. 2001). A facial challenge to abortion statutes only requires a showing that the statute "operate as a substantial obstacle to an otherwise lawful course in a large fraction of relevant cases." *Id*. Which standard do the parties contend applies here?

(4) In *South Dakota v. Dole*, 483 U.S. 203, 208 (1987), the Supreme Court notes that "other constitutional provisions may provide a bar to the conditional grant of federal funds." The State does not appear to argue that the Weldon Amendment violates this limitation on the Spending Clause, but rather asserts a separate claim on behalf of women that the Weldon Amendment imposes an undue burden on abortion.

    (a) Has the Court correctly construed the State's claims and arguments?

    (b) Even if the Court finds that California has standing to assert a claim under the Spending Clause due to the present injury to the State's inability to enforce its own laws, the State bears the burden to demonstrate standing to assert a claim for infringement of a women's right to obtain an abortion. On what basis does the State contend that there an injury in fact with respect to a woman's constitutionally protected right to obtain an abortion unless and until an emergency arises in which a woman needs but is refused medical services.

(5) "Any abortion regulation must contain adequate provision for a woman to terminate her pregnancy if it imposes a threat to her life or health. ... An adequate health exception, that is, is a *per se* constitutional requirement." *Planned Parenthood of Idaho, Inc. v. Wasden*, 376 F.3d 908, 922 (9th Cir. 2004) If, in order to comply with the conditions set forth in the Weldon Amendment, the State were required to amend California Health and Safety Code § 123420 to apply to medical emergency situations, would this statute become unconstitutional?

(6) In its reply brief, the United States explained that although the 2006 fiscal year has expired, the Weldon Amendment remains in effect by virtue of continuing resolutions enacted on September 29 and November 15, 2006. What is the status of appropriations for the 2007 fiscal year and when, if ever, do the continuing resolutions expire?

Dated: January 11, 2007

_____
JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE